Thank you, Judge. Once again, Quentin Rhoades, this time on behalf of Olympic Coast Investment, Inc. Your Honor, in this case, the district court below dismissed the underlying action without prejudice on the basis that under Rule 17b, our client, Olympic Coast Investment, didn't have capacity to sue in the state of Montana. And it did so because it ruled that Olympic Coast Investment was required to have a certificate of authority from the Secretary of State as a business trust to transact business in Montana. It didn't, and consequently, the case had to be dismissed without prejudice. And our view of that, Your Honor, involves both Rule 17a and Rule 17b. Rule 17a having to do with whether Olympic Coast is a real party in interest. Mr. Quentin, when OCI, which I call OCI, amended its original complaint and filed the first amended complaint, did it intend to abandon its claim as an individual corporation in favor of proceeding solely as a business trustee? Your Honor, we intended to plead in the alternative, that it's a corporate entity that entered into an agreement with some investors. It's referred to as a participating investor agreement, and in addition, governing that relationship between the corporate entity and the investors was a general offering circular that made up or comprised what the relationship between the investors and the corporation would be. Now, that relationship is one of a fiduciary. It's expressed in the documents that OCI stands in a fiduciary position to protect the best interests of those investors. And the question is, well, is that a trust relationship, or is it some other sort of a relationship? I understand your point, of course, about pleading in the alternative, and that's the main issue before the court, but I'm a little concerned about the underlying intent here. You're an officer of the court. I'm looking now at an oral argument on the motion for summary judgment on page 8, lines 17 through 20. The court has asked you previously, let me just read what the court says. This starts at line 6. The court, Mr. Rhodes, I don't mean to be quarrelsome with you, but the position you took in the other case and the pleadings insofar as parties are concerned are identical in both cases because I've compared them. You characterized your client as a statutory trust, otherwise known as a Massachusetts trust, and you call it an express business trust. And it is not registered, as I understand it, and you correct me if I'm wrong, it's not registered as a Massachusetts trust in Washington, and it's not registered as a Massachusetts trust in Montana. Am I correct about this? And then we're going to get to the part I was going to quote Mr. Rhodes. Yes, Your Honor, I represent the trustee of what we characterize as being an effective business trust, and we've sued in the trustee's name, and we've sued in the trustee's name as the assignee of rights. Were any rights assigned to a trust? Your Honor, the assignments were the rights of the investment, whatever rights the investors had against Mr. Seiple, to Olympic Coast Investment to pursue in its name on their behalf. I understand. What I'm trying to understand is was an assignment made to a trust or was an assignment made to the corporation? There was an assignment made to the corporation. So there wasn't an assignment made to the trust? We don't contend that Olympic Coast Investment is a trust, Your Honor. We contend that it's the trustee of this trust that's created by the relationship that is given rise to by the underlying documents. That would be an implied in law, not a statutory trust. Is that what you're saying? Well, the only – I don't think there's a perfect – it doesn't fit – there's not any type of a statutory trust that it fits perfectly, but it has the characteristics of a business trust or a statutory trust as determined because the trustee – the investors pool their resources for the purposes of pursuing a business object, and the trustee owns title to all the resources. I understand that, Mr. Rose. But what I'm trying to understand from you and from the record is this. You say you're pleading in the alternative. If you're pleading in the alternative, that's one thing. But we need to understand – I need to understand. To whom did you make these assignments? But you've said you did it to the trust, I believe. Did you also make an assignment to the corporation? Your Honor, the way we – we weren't sure what this relationship was between the parties. It was a legal basis. We theorize that it's either a trust or there's arm's length investors, but because of the fiduciary responsibilities in the underlying documents, then it's not arm's length. So the assignment was from the investors, whatever rights the investors might have had, to the corporation. I understand, but you're not answering my question, Mr. Rose. I'm sorry. I want to know – an assignment is a piece of paper. Yes, sir. You fill it out. From the Asinors to the Asini, I'm asking you, who was the Asini? The corporation. The corporation. You told the court, the trust. Who was it? The assignment was from the investors to the corporation. And with respect to the trust relationship, if there is one in the alternative, then the corporation is acting as the trustee for the benefit of the investors. Now, if that's the way the court determines the relationship from looking at the documents, if it determines that relationship is a trust relationship, then the trustee is suing in his own name to further those interests. If the court determines there's no trust relationship and that it's more in the nature of arm's length. There's a difference between a trust relationship and a Massachusetts business trust. One is a business entity, and the district court specifically asked you about the nature of this entity, which it referred to, based upon what you told it, as a Massachusetts business trust. He specifically asked whether it was legally existing in Washington and whether it was legally existing in Montana. And you responded to all of that. You didn't say at any point, you know, we're talking about a corporation here, Your Honor. The trust concept is one of a fiduciary duty. We're not talking about a Massachusetts business trust. So I'm trying to understand, in order to understand your alternative pleading argument, what it is you said, what do you mean when you talk to the court? Well, I think, Your Honor, that we told the court that we were pursuing the action in the name of Olympic Coast either as the trustee or as the assignee. And that's what we argued in our briefs below, and I think that's been our position all along. We haven't made a determination, and we don't think that because for every wrong there is a right, that determination really doesn't matter. If the trust is the one that has been done the harm, then it's entitled to the recovery. If it's the investors, then they're entitled to the recovery. Wait a minute. You're talking about a trust again. You're talking about a Massachusetts business trust? Well, we think that it's either a business trust or it's an arm's-length relationship. You're confusing me. I'm talking about business entities here. Yes, sir. Either a business trust or a corporation. They're two very different entities. Which is it we're talking about? I'm not talking about trust in a general sense, or in trust as a sense of a fiduciary duty. I'm talking about a Massachusetts business trust versus a corporation. Which are you referring to? Which was an assignment made, or did you make an assignment to both, or did you never make any assignment? There was an express assignment of the investor's rights to the Olympic Coast Investment as a corporation. And then with respect to the trust relationship, there's not a document that says at the head of it Massachusetts business trust or statutory business trust. But our understanding is the business trust has certain characteristics that are provided by statute, and we think that this relationship shares all those characteristics, and it's a legitimate way to refer to that relationship. And it's legitimate for the trustee in that relationship to pursue the interests of the investors in its own name. The express trust arises, you call it express in your statement and in your pleadings, because there is the offering circular. Is that the expression of the concept? Yes, sir. The expression of the trust relationship and the fiduciary duties and the rights and the responsibilities arise under those two documents. And I think it's very important to note, Judge, that in that relationship, Olympic Coast Investment owns in its own name all of the assets. And the promissory note is to Olympic Coast. The trust indenture is granted to Olympic Coast in its name. Ultimately, when there was foreclosure, the foreclosure was undertaken by Olympic Coast in its name. It was sold at sheriff's sale to Olympic Coast in its name. And then, ultimately, it was sold through a buy-sell agreement that was executed by Olympic Coast in its own name and, indeed, executed by Olympic Coast to transfer title to the buyer. In each of those transactions, how was Olympic Coast described in the document? As a corporation. Not as a trustee. No, sir. And not as a trust. And not as a trust, no. It was, as in the Navarro case and the Borg case, the assets, there was no reference whatsoever in any of those documents to beneficiaries or folks that might have an interest. It was all in Olympic Coast's name. And Olympic Coast, under the underlying documents, had a duty to ensure that it acted always in those investors' best interest as a fiduciary. I don't know how else you would characterize the responsibility of Olympic Coast, except as a trustee, on their behalf. Why don't you reserve the rest of your time for rebuttal? Thank you, Judge. Thank you, Your Honors. And may it please the Court, my name is Scott Fiske, and I represent the defendant appellee, Mr. Joseph Seiple, in this matter. And it is Mr. Seiple's motion for summary judgment that was granted by the district court in Great Falls orally on July 21, 2005, and by order on July 22, 2005, that is the subject of this appeal. And I'd like to begin today by just, I guess, framing our main issue we want to address here by referring to my client's question to me. And that is, how is it that I can be sued by a party that doesn't exist? And that's the question I'd like to address here, because it is our position that all along, throughout this protracted litigation, there is no express business trust as a matter of law. But there is a corporation, and the complaint, the first amended complaint, is Olympic Coast Investment, Inc., a Washington Corporation plaintiff, against your client. And the pleading does identify a plaintiff as a corporation organized and existing under the laws of the state of Washington. That is, in fact, true, is it not? That is how the entity does exist. We do not deny that that entity exists. And then the next paragraph goes on to characterize its status as a trustee of an express business trust and that it sues in its own name to pursue this action on behalf of the trust and its beneficiaries. And that's where we get to parties that do not legally exist. But under Rule 8, the question is whether or not there is adequate notice, whether there is sufficiently encompassed within that language, the notion that if the legal characterization of the status of the entity that does exist is wrong, nonetheless there is an entity, it is a corporation, and according to the allegations, if not the evidence, there has been an assignment. So what should we make of the fact that plaintiff believing it's a trust emphasized that, but nonetheless there is, in fact, an entity that could sue, either in its own right as a corporate entity or as the assignee of its investors? Right.  Or because that's where I believe there is a lot of confusion in these pleadings because the complaint reads that it's the beneficiaries of this so-called business trust that was the assignor that assigned their claims to Olympic Coast, either as a trustee or as a corporation. And then we get back to the original point is if there's no express business trust as a matter of law, there are no beneficiaries of that business trust. There are no trustees of that business trust. And so you look at the complaint, there's two causes of action. One, to breach a contract. The damages are who's been damaged? The trust, the business trust, and the beneficiaries under negligence, professional negligence. Who's been damaged? The trust and the beneficiaries. Those are the parties that beneficiaries presumably assign their rights to Olympic in whatever capacity it cares to characterize itself. Mr. Fisto, to follow up on Judge Fisher's point, Rule 8 is liberally construed. Very little required to plead in the alternative. Regardless of the ability of Mr. Rhodes to prevail on merits of the case or the merits of what he did, is it not true that he pleaded, again, as Judge Fisher pointed out, it's a corporation, one of the parties, and it says in the pleading that it sued individually and in its trustee capacity. So whether there was trustee capacity in its individual capacity, does that not under Rule 8 state a claim or a cause of action? Well, yes, Your Honor, but in turn, the party has waived any claim to damages. Again, we're not talking about success on this. We're just talking as a matter of pleading, which we have to liberally construe. So you do agree that, however ineptly, there was a cause of action pled for the corporation as an, in quotes, individual, in quotes. Well, once again, we're getting to the, I think there's just the confusion of the whole business trust because Olympic is not asserting a cause of action. It's in a representative capacity. Yeah, but you're going to what the ultimate result would be. You have an entity that doesn't exist or certainly not qualified to plead in the court, but you do have one that does exist, and it's one of the parties to the complaint, and under Rule 8, it can plead in the alternative. It may never, ever be able to prove that, but for purposes of the complaint, I gather you are agreeing that it does state in the alternative a cause of action. Olympic Coast Investment Inc. is bringing claims. It's our position that Olympic Coast Investment Inc. is bringing claims in a representative capacity on behalf of a business trust that does not exist. I understand, but you're not answering my question, did you? If you take out the representative capacity point, just on the narrow issue of the corporation itself pleading, in quotes, individually and in its trustee capacity, as an individual, i.e., the corporation, it has pled a cause of action. That's true, Your Honor. And then your argument is that there's no damage because why? Yeah, and Your Honor, if I could just take one step back in time in this, we look to the original complaint, and we had Olympic Coast Investment Inc. pleading on its own behalf, claiming that it's been damaged, it contracted with my client. It has a breach of contract claim. It has a negligence claim. There's no mention of a business trust. There's no mention of investors or beneficiaries or this entire other program that's going on. And it's not until they amend their complaint, when it's becoming apparent that Olympic really has no damages, because we've learned that they, in turn, have assigned all this loan business to these other parties, that they amend their complaint and they cook up this business trust scenario that still has not been clarified. I mean, is it statutory even on appeal? They're calling it a de facto business trust, and we don't even know what that is. And that's, as the Court made clear in its summary judgment hearing, this is the party that lacks capacity. It's this business trust that you claim to be a trustee of, and it's not authorized to do business in Montana. Therefore, it has no access to the courts under Rule 17b. If it were suing as a corporation, is there any impediment to its capacity as a corporation to sue? No longer, Your Honor. As Olympics made a point, they registered themselves, the corporation, to do business as such in Montana, I believe in April of 2005. So at a minimum, there appears to be a viable complaint by a corporation that has capacity to sue. So at the pleading stage, how would you argue that that should be resolved on summary judgment, since the summary judgment was a capacity ruling? Well, Your Honor, once again, I would just turn to the pleadings themselves. I understand the pleadings are not clearly pled in the alternative, although one can certainly under Rule 8 standards broadly construed, as you've been candid enough to acknowledge, extract from it an individual claim on behalf of the corporation, which has capacity. Isn't the proper approach to remand this to the district court to let it sort it out and see if you can find a way to defend your client on the next round? Well, Your Honor, I would also refer to the court's hearing transcript, where it referred to an earlier case where it made the same ruling that the business trust party lacks capacity, and that the court gave Olympic every opportunity to clarify its pleadings. And as Judge Smith pointed out in the hearing, Olympic conceded that this is the party, this is who we represent, and it's really only on appeal that it finds some wiggle room in arguing, well, it's actually this corporation as well, even though we are representing the claims of a business trust. And we really don't have damages ourselves. They tried it once before. My client is now, you know, has the second summary judgment, has litigated this twice now. In the first case we recognize the unfairness of the way things turn out in a pleading setting sometimes. But, again, we're not talking about the underlying case. What will happen in the underlying case is somewhat evident, I'm afraid. But for purposes of pleading only, as Judge Fischer pointed out and as I pointed out earlier, is the reality is they've pled a cause of action here. Do you see any remedy other than our sending it back to the district court with the instruction that as a corporation only, they can proceed. They can't switch back and forth now. They can't claim it's a business trust. And the facts, whatever they may be, are going to follow what the corporation did, not what a business trust did. Do you agree with that? No, Your Honor, because I think this party has set forth in this record, has stated completely opposite positions on virtually every issue. By definition, it's an alternative pleading. They can do that in the pleading stage. The judge seemed to interpret it as an election, use that term. You elected to proceed based on the arguments. Is that what you're suggesting? Whatever they may have done at the outset as the case progressed in terms of the adequacy of the pleadings, they elected to go on and express business trust. That's correct, Your Honor. I mean, yes, we have the initial filing of the complaint. But from that day forward, actually in this case it was an amended complaint. We had the original complaint, which was the corporation. They abandoned those claims because, for whatever reason, they replied and said, well, actually the party that's been damaged is a business trust and its beneficiaries. We represent that. We represent the claims of those business trusts in the following capacities. And, again, this is a, as we indicated in the district court, there's a huge jurisdictional question. I believe that's why this business trust theory was raised to begin with. And, furthermore, there's no legal basis for claiming a statutory business trust when one doesn't exist. All right. Thank you. I've been most candid. Thank you, Judge Fischer. The pleadings are pled in the name of the corporation. The corporation is named as the plaintiff in the heading. The corporation is pleading as an individual. And the corporation, and I think it's very important to emphasize this, Mr. Seiple, not only is there an allegation that the interests have been assigned, but Mr. Seiple doesn't contest that. And the reason he doesn't contest that is because we provided him the assignments in discovery. And those assignments have been made, and the corporation has been assigned whatever claims the investors may or may not have. And the difficulty that we have is understanding the relationship between Olympic Coast and its investors. And the purpose for the way we pled it was to ensure that if it's a trust relationship, then that is covered. And if it's not, whatever the court below might determine, if it determines it's not a trust relationship and these assignments are just from one individual to another individual, or if it determines that it's a trust relationship, in either event, these parties have been damaged, and these investors, and Olympic Coast is bound under the agreements, under its promise under the agreements, to pursue their interests. And that's what it was attempting to do. And that's what it did below in the foreclosure in its own name. And that case went to the Montana Supreme Court, and as a reported case, Olympic Coast investment against Wright. And that was affirmed, and the foreclosure went through, and the transfers were made. And so if Olympic Coast is acting as an individual in that capacity on behalf of the investors, well, it doesn't have any underlying interest in the case, except it's promised to perform on their behalf and pursue their interests under those documents. That seems like a trust relationship. If the court doesn't view it as a trust relationship or there's not a relationship that fits, then there's also the assignment of those investors' claims, whatever they might be, to Olympic Coast, which it's allowed to pursue in its own name. And that's the alternatives. And whatever the court below determines with respect to the legal relationships and their capacities, at the very least. Where below did you make the argument you just made to the district court? In the briefs on summary judgment, Your Honor. And this issue was raised on summary judgment by Mr. Stiple, and that's how we argued it. Okay. Thank you. Thank you. Counsel, we appreciate it. The case argued is submitted.
judges: Goodwin, O'scannlain, Fisher